UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICAH SAENZ, On behalf of himself and all others similarly situated, | § § Civil Action No. 4:15-cv-1762 § |
| Plaintiffs, | § § § |
| vs. | § § |
| MUD MASTERS GROUP, INC. | § COLLECTIVE ACTION § PURSUANT TO 29 U.S.C. § 216(b) § |
| Defendants. | § |

**UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT
AND STIPULATION OF DISMISSAL OF LAWSUIT**

Plaintiff Micah Saenz ("Saenz" or "Plaintiff") files this Unopposed Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit and in support would show as follows:

## I.     INTRODUCTION

Plaintiff and Mud Masters Group, Inc. ("Mud Masters") (collectively, the "Parties") have reached a settlement of the pending dispute concerning unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The settlement provides 17 current and former employees of Mud Masters who worked as Service Technicians ("Technicians") during the relevant time period and who were only paid a salary with an opportunity to make a claim for unpaid overtime damages.

The FLSA settlement was the result of arm's length negotiations, conducted by experienced counsel for all Parties, after formally and informally exchanging information over several months. The terms of the settlement are reasonable and appropriate and fair to all parties involved. Accordingly, Plaintiff asks the Court to approve the settlement and enter an order

dismissing this lawsuit in accordance with the terms of the parties' agreement.

## II.     BACKGROUND

On June 9, 2015, Rittman filed this collective action lawsuit against Mud Masters on behalf of himself and similarly situated Technicians alleging that he and all putative class members were not paid overtime to which they were entitled, in violation of the FLSA (the "Lawsuit"). In the Lawsuit, Plaintiff alleged that Mud Masters misclassified the Putative Class Members as exempt and failed to comply with the FLSA by paying these current and former employees a salary and no overtime compensation.  Plaintiff sought unpaid back wages for overtime hours allegedly worked, liquidated damages, pre- and post-judgment interest, and attorney's fees, expenses and costs.

Mud Masters denied the Plaintiff's allegations and asserted numerous affirmative defenses, including that the Technicians were exempt from the FLSA's overtime requirements. Mud Masters further asserted that it acted in good faith with respect to its payment practices. Mud Masters also denied that any violation of the FLSA was willful and that a class of similarly situated employees existed.

The Parties initiated good faith settlement discussions in September 2015.  For the next four months the Parties independently and thoroughly investigated the claims and defenses at issue. Additionally, the Parties conducted an in-depth analysis of the potential damages, including reviewing and processing business and payroll records for the class of current and former Technicians who did not join this lawsuit.  These efforts provided the Parties with great insight as to potential liability and the range of recovery at issue. Further, these efforts, coupled with each Party's thorough preparation and familiarity with the facts and law surrounding the alleged misclassification, allowed both parties to intelligently, and in good faith, weigh both the risks and benefits of continued litigation.

**III.    SETTLEMENT**

The Parties reached a global resolution of this dispute on December 8, 2015.[1] If approved by this Court, the agreement will resolve this matter in its entirety.

The Parties now seek Court approval of their Settlement Agreement. The Parties' confidential Settlement Agreement has been filed under seal as Exhibit 1.[2] The Agreement represents a fair compromise of a bona fide dispute concerning the legality of Defendant's compensation practices with respect to the classification of the Technicians and the compensation practices at issue. The settlement does not include or otherwise impact the potential FLSA claims of any other employees of Mud Masters and only covers the claims of the 17 Technicians who worked during the relevant time period.

**A.    GENERAL TERMS OF THE SETTLEMENT AGREEMENT**

The key details of the proposed settlement are described below and have been set forth in the attached Settlement Agreement. *See* Exhibit 1. Additionally, the Parties have attached the proposed Notice and Claim forms that will be used to notify the potential class members of their right to participate in this settlement. *See* Exhibits (1)(A) and (B).

**1.    Settlement Amount and Formula for Distribution**

The proposed settlement obligates Mud Masters to pay a maximum settlement amount ("Gross Settlement Amount"). From the Gross Settlement Amount, all claims, including claims for attorneys' fees and costs, settlement administrative costs and an enhancement payment for

---

[1]    The terms of the settlement require it be kept confidential.

[2]    The Parties submit that, without confidentiality of the Settlement Agreement, there is an increased likelihood that Defendant would be exposed to further litigation (on claims that they deny), thus depriving Defendant of a benefit which was the basis for the settlement bargain. There is also a public interest in confidentiality in that it encourages and facilitates settlement negotiations and voluntary resolution of disputes, thereby preserving the resources of the Court. No potential claimant is disadvantaged by such confidentiality. As there is no prejudice arising from in camera review but great prejudice should such review be denied, it should be permitted.

Micah Saenz will be deducted.  The balance is the Net Settlement Amount which will be apportioned among the potential settlement class members who may elect to participate in the settlement based on the specific number of weeks in which they worked more than forty hours a week. To calculate each settlement class member's apportioned share of the Net Settlement Amount, the Parties used records of each class member's actual salary and days worked during the relevant time period to determine the overtime owed. This means that a settlement class member who timely files a properly executed Settlement Consent Form and claims his portion of the Net Settlement Amount will be eligible to receive a settlement payment from the Net Settlement Amount which accurately reflects the time periods in which overtime was worked but not paid.

The Parties further agree that 50% of the individual settlement amount shall be subject to all withholding, liens, garnishments, withholding orders and other deductions as required by law, as payment in full compromise and settlement of all claims for alleged unpaid overtime back pay or compensation.  The remaining 50% of the individual settlement amount shall represent payment in full compromise and settlement of all claims for liquidated damages.  All of these amounts shall be paid from the Net Settlement Amount.

      **2.**    **Proposed Notice Program to Administer the Settlement**

In accordance with the Settlement Agreement, Technicians who fall within the settlement class will receive a copy of the Notice of Settlement and the Settlement Consent Form.  *See* Exhibits (1)(A) and (B).  These documents will be mailed to the members of the class by Plaintiff's counsel. Individuals who have provided Mud Masters with an email address will also receive the claim materials by email as well.  Additionally, the Parties have agreed to provide a reminder postcard and email (if applicable) to the Technicians at least 30 days before the close of

the opt-in period.

Individuals who elect to participate in the settlement will be required to return their properly executed Settlement Consent form to Plaintiff's counsel within 60 days from the date of mailing/emailing.

The Notice of Settlement and the Settlement Consent Form explain the terms of the settlement, the scope of the release, the estimated settlement amounts and the steps which must be taken to participate. *See* Exhibits 1(A) and (B).

Settlement checks will be prepared by Mud Masters and issued by Plaintiff's counsel approximately 20 days from the close of the opt-in period. Class members will have 120 days to present their checks for payment.

3. **Scope of Release**

In exchange for compensation under the settlement, those individuals who timely return a Settlement Consent Form will release Mud Masters from all state and federal wage related claims asserted or that could have been asserted in this lawsuit. The specific release language is as follows and is applicable only to those individuals who timely return properly executed claim forms:

> "waive, release, and discharge any and all claims, obligations, demands, actions, rights, causes of action, and liabilities, whether known or unknown, against Mud Masters and its past, present, or future owners, parents, subsidiaries, affiliated companies, divisions, predecessors, successors, and any merged entities, and any current or former officer, director, insurer, owner, agent, representative, legal counsel, employee, or shareholder of all such entities for unpaid wages; underpayment of wages; nonpayment of wages, overtime, bonuses, incentive compensation, or any and all elements of compensation; liquidated damages; attorneys' fees; costs; equitable relief; or any other relief available under the FLSA or any other federal, state, or local law relating to the payment of wages through May 15, 2015[3]."

---

[3] This is the date that the challenged pay practice was discontinued.

## IV. THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND DISMISS THIS LAWSUIT

Over the life of this collective action, the Parties conducted informal discovery, investigated the supporting facts, and thoroughly studied the legal principles applicable to the claims and defenses asserted in this collective action. Based upon the Parties' investigation, legal evaluation, and taking into account the contested legal and factual issues involved, including Plaintiff's Counsel's assessment of the uncertainties of litigation and the relative benefits conferred upon the Class Members pursuant to this Settlement Agreement, the Parties have concluded that this settlement is fair, reasonable, adequate, and in the best interests of the Parties.

Plaintiff now seeks Court approval of the Parties' agreed settlement. The settlement represents a fair compromise of a bona fide dispute concerning the legality of Defendant's compensation practices with respect to its Technicians.

Because the FLSA's provisions are mandatory, employees' claims for back wages or overtime may not be compromised absent either supervision by the Secretary of Labor, *see* 29 U.S.C. § 216(c), or approval by the court. *See Lynn's Food Stores, Inc.* v. *United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). The Fifth Circuit has recognized the res judicata effect of a court-approved settlement of FLSA claims, where "a bona fide dispute of both law and fact was involved in the litigation, and [ ] the proposed settlement agreed upon was fair and equitable to all parties concerned." *Jarrad* v. *Southeastern Shipbuilding Corp*., 163 F.2d 960, 961 (5th Cir. 1947).

### A. BONE FIDE DISPUTE EXISTED

Congress has recognized that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to

6

prevent private contracts on their part that endangered national health and efficiency and, as a result, the free movement of goods in interstate commerce. *See Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706–07, 65 S.Ct. 895, 89 L.Ed. 1296 (1945).[4] Due to this unequal bargaining power, Courts must ensure that a settlement agreement, following a FLSA claim, must be the product of a bone fide dispute.

In the instant case, the Parties contested the claims and defenses asserted. Plaintiff alleged that Technicians performed largely manual labor in routine fashion, which included rigging up and down oilfield equipment; assembling, maintaining, and cleaning equipment; strictly following company policies and procedures; and reporting all of their activities to their coordinators or the drill rig representative. Mud Masters argued that Technicians perform work-related tasks by exercising their own independent judgment and discretion, make high-level decisions that affect the overall success of business projects.

Further, Plaintiff argued that all Technicians were similarly situated in the terms of relevant job duties and compensation practices, regardless of the length of time or location worked for Technicians. On the other hand, Mud Masters maintained that all Technicians are not similarly situated and the cases should be tried independent of each other. The Parties further disagreed on whether Plaintiff could satisfy their burden to demonstrate that Mud Masters acted willfully, which in turn affects whether Plaintiff could recover compensation for two (2) years or three (3) years. *See* 29 U.S.C. § 255. Plaintiff also contends that Mud Masters would not be able to meet their burden to prove that they acted in good faith, which would implicate the amount, if

---

[4] *Brooklyn Savings Bank*, 324 U.S. 697 (1945)(requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *see also Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986)(in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

any of liquidated damages. *See* 29 U.S.C. § 260. Defendant maintained that, at all times, it acted in good faith, and damages (if any) should be unliquidated and be recovered only for a two (2) year period.

The current settlement before the Court is the result of a bone fide and contested dispute. Without the Parties' willingness to continue settlement discussions for several months, this case would have not been resolved.

### B. FAIR AND REASONABLE SETTLEMENT

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.' " *Domingue v. Sun Elec. & Instrumentation, Inc.,* 2010 WL 1688793, at *1 (M.D.La. 2010) (citing *Camp v. Progressive Corp.,* 2004 WL 2149079, at *5 (E.D.La. 2004)). As well, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both sides have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation.

After the Parties reached an agreement on the settlement, the Parties engaged in extensive negotiations concerning the specific terms of the settlement and the scope of the release. The settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard fought negotiations.

All that said, there can be no question that this Settlement Agreement represents fair value for the workers. Numerous Technicians will receive back wages and penalty damages

under federal and state law without the risk or expense of trial. Further each individual who has agreed or elects to participate in this settlement will be able to recover a specified amount calculated based upon his/her specific employment history. Indeed, the amounts recovered under the agreement are fair on both a collective and individual basis

### 1. The Enhancement Award is Reasonable

The proposed Enhancement Award to Saenz is intended recognize his initiative and efforts on behalf of the class and the time and effort he contributed to this lawsuit and the settlement. The modest amount of the requested payment is eminently reasonable.

### 2. The Requested Attorney's Fees and Costs Are Reasonable

Plaintiff and the Putative Class Members are entitled to recover their attorney's fees and costs for their claims for overtime pay. *See, e.g.,* 29 U.S.C. § 216(b). Plaintiff's counsel believes that the Settlement Agreement's provision concerning attorney's fees and costs is fair and reasonable, as they are only seeking attorney's fees of forty percent of the Gross Settlement Amount and reimbursement for expenses/costs. Mud Masters does not oppose these requests.

As many courts have noted, the "customary contingency" for this type of litigation is "35 to 40 percent." *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001).[5] Thus, Plaintiff's counsel's request for a continegency fee is reasonable and appropriate—particularly in light of the substantial recovery made for the Class Members.

### 3. The Proposed Notice Is Reasonable

Approval of the Settlement Agreement will enable the settlement documents (attached as Exhibits 1(A) and (B)) to go out to the Class Members in a manner best calculated to ensure that

---

[5] In this market, fees of 33-40% are commonplace. *See, e.g., Wolfe v. Anchor Drilling Fluids,* Case No. 4:15-cv-1344 (Hoyt, J.)(40%); *Pastorius v. Lowe's Home Centers, Inc.*, Case No. G-11-307 (S.D. Tex. June 5, 2012)(Costa, J.)(33%); *Castilla v. Fogo de Chao*, Case No. H-08-869 (S.D. Tex. Oct. 3, 2008) (Smith, MJ) (33%); *Skadowski v. KBR Tech. Servs., Inc.,* Case No. 4:05-cv-4124 (S.D. Tex. Aug. 25, 2006) (40%); *Garcia v. Maintenance, Inc.*, Case No. 05-cv-03924 (S.D. Tex. June 16, 2006)(Gilmore, J.)(40%).

they are alerted to the terms of the settlement. Every worker who elects to participate in this case as a result of the notice will know exactly what they are getting, and what they are giving up, prior to making the decision to participate.

The Parties' proposed notice – which will be sent by a Plaintiff's counsel via first class mail and email (if an email address is available) - provides the Putative Class Members with adequate notice of their rights under the Settlement Agreement. Moreover, the Settlement Consent Form is a simple short form that permits Class Members to claim their money quickly and easily.

In addition to using a straight-forward Notice of Settlement and the Settlement Consent Form, the Parties also agreed to issue notice by mail and email, a 60 day notice period, and a reminder to the Class Members. All of these procedures will ensure that the notice documents are timely delivered and received by the individuals who are eligible to make a claim.

## V.     CONCLUSION

The Parties believe that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial and in the best interests of all parties. As noted above, this proposed settlement was reached following the exchange of information, data, and extensive negotiations. Because of the various defenses asserted by Mud Masters and the possibility that Mud Masters may have successfully defeated or limited some or all of Plaintiff's claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of a bone fide dispute. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all Parties from incurring the additional costs and delay associated with trial and possibly appeal.

The Parties hereby request that the Court (1) approve this settlement, including all of the

terms set forth in the Settlement Agreement; (2) direct the Parties to implement and complete the notice and claims process as set forth in the Settlement Agreement; and (3) dismiss this lawsuit and the claims of Plaintiff and all class members with prejudice.

Respectfully Submitted,

By:/s/ Michael A. Josephson
Michael A. Josephson
Fed. Id. 27157
State Bar No. 24014780
Andrew Dunlap
Fed Id. 1093163
State Bar No. 24078444
Lindsay R. Itkin
Fed Id. 1458866
State Bar No. 24068647
Jessica M. Bresler
Fed Id. 2459648
State Bar No. 24090008
**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com
jbresler@fibichlaw.com

**AND**

Richard J. (Rex) Burch
Fed. Id. 21615
Texas State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713)877-8065

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

  I served this document via the Court's ECF System in accordance with the Federal Rules of Civil Procedure.

               */s/ Michael A. Josephson*
               **Michael A. Josephson**